**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TINORA ELIZABETH MORALES-GAMEZ, AKA Dinora Elizabeth Morales Gamez, <br><br> Petitioner, <br><br> v. <br><br> MATTHEW G. WHITAKER, Acting Attorney General, <br><br> Respondent. | No.  15-73337 <br><br> Agency No. A206-019-005 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2018**
Pasadena, California

Before:  D.W. NELSON and WARDLAW, Circuit Judges, and PRATT,*** District Judge.

Tinora ("Dinora") Elizabeth Morales-Gamez, a native and citizen of El

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*    The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

Salvador, petitions for review of a decision by the Board of Immigration Appeals ("BIA") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

Morales failed to address the BIA's denial of her application for CAT relief in her opening brief. Therefore, she waived this claim on appeal and we dismiss the petition as to it. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

As to Morales's applications for asylum and withholding of removal, we have jurisdiction under 8 U.S.C. § 1252, and we grant the petition for review and remand for the BIA's reconsideration in light of intervening authority.

After Morales presented her applications for relief to the BIA, we held that "witnesses who testify against gang members" and "persons taking concrete steps to oppose gang members" may constitute particular social groups for purposes of asylum and withholding of removal. *Pirir-Boc v. Holder*, 750 F.3d 1077, 1084–85 (9th Cir. 2014); *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1083 (9th Cir. 2013) (en banc). We also recently clarified that the nexus standard is less demanding in the withholding of removal context as compared to the asylum context. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

In agency proceedings, the BIA and the immigration judge found that Morales was persecuted by gang members who were motivated by extortion. The BIA declined to remand the case for the immigration judge to consider *Pirir-Boc*

2

and *Henriquez-Rivas*, reasoning that "[*Pirir-Boc*] is distinct in that the particular social group proposed consisted of individuals taking concrete steps to oppose gang membership in gang authority. It did not involve gang extortion as in the current case." The BIA abused its discretion in denying the motion to remand, and failed to properly consider the similarities between *Pirir-Boc*, *Henriquez-Rivas*, and the instant case. The BIA did not consider the evidence showing that Morales was persecuted, or may have a well-founded fear of future persecution because her actions went beyond merely refusing to cooperate with gangs. Rather, Morales openly reported the gang members' extortion activities to local police. The record shows that Morales reported the extortion to local police three times—on October 2, 2012, October 10, 2012, and February 2, 2013. Though Morales did not testify in court, the record shows that the gang members were aware she was talking to the police, placing her in a social group very much like that of "witnesses who testify against gang members," which we recognized as a particular social group in *Henriquez-Rivas*. *See Henriquez-Rivas*, 707 F.3d at 1092 n.14 ("We by no means intend to suggest that the public nature of Henriquez-Rivas' testimony is essential to her eligibility for asylum."). "The concrete and open steps [Morales] took in opposition to the gang may fall within the framework of *Henriquez-Rivas*." *See Pirir-Boc*, 750 F.3d at 1084–85.

Morales may thus potentially qualify either for asylum, or for withholding of

removal under the more relaxed nexus standard announced in *Barajas-Romero*. We grant Morales's petition for review in part and remand her applications for asylum and withholding of removal to allow the BIA to reconsider Morales's petition in light of *Pirir-Boc*, *Henriquez-Rivas*, and *Barajas-Romero*. *See, e.g.*, *Perez-Guzman v. Lynch*, 835 F.3d 1066 (9th Cir. 2016) (remanding for the BIA to reconsider the petitioner's applications for withholding of removal and CAT protection in light of, *inter alia*, *Henriquez-Rivas*).

We lack jurisdiction to consider any new particular social groups proposed by Morales. *See Tijani*, 628 F.3d at 1080. We reach this conclusion without prejudice to Morales's right to raise claims of persecution against any such social groups on remand, particularly in light of intervening case law, such as *Rios v. Lynch*, 807 F.3d 1123, 1127–28 (9th Cir. 2015) (holding that "the family remains the quintessential particular social group" even under the BIA's new framework for social group membership established in *Matter of M-E-V-G*, 26 I & N. Dec. 227 (BIA 2014)).

The petition for review is **DISMISSED** in part and **GRANTED** and **REMANDED** in part.